IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BONNIDE JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 11-0437-CG-N |
| | ) | |
| TONY PATTERSON and CHRIS | ) | |
| SUMMERS, | ) | |
| | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 claiming violation by prison authorities of his rights to religious practice. (Doc. 1) This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636 and Local Rule 72.2(c)(4). The undersigned has carefully considered the plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction and brief in support (docs. 3, 4) and, for the reasons set out below recommends that the motion (doc. 3) be DENIED.

I.      BACKGROUND

The Complaint (doc. 1), Motion for Leave to Proceed In Forma Pauperis (doc. 2), Motion for Temporary Restraining Order or Preliminary Injunction (doc. 3) and supporting brief (doc. 4) were received by the court on August 2, 2011, but the Motion IFP was incomplete and the plaintiff was ordered (doc. 5) to file a completed form. Plaintiff did so (doc. 6) on August 15, 2011, and the court granted plaintiff's motion for leave to proceed on August 16, 2011 (doc. 7)

Plaintiff's complaint seeks damages and injunctive relief for the failure of the Holman Prison Chaplain Christ Summers and Warden Tony Patterson to recognize the Sunni Islamic

group led by plaintiff as a separate religious organization from the Islamic group from which it split and from the other recognized Sunni Islamic groups in the prison.

II.    STANDARD OF REVIEW[1]

Granting or denying a preliminary injunction is a decision within the discretion of the district court.  Palmer v. Braun, 287 F.3d 1325, 1329 (11th Cir.2002); Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir.1997), citing United States v. Lambert, 695 F.2d 536, 539 (11th Cir.1983). In order to succeed on a motion for a preliminary injunction, the following four prerequisites must be met: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury without the injunction; (3) that the harm to Plaintiff outweighs the harm to the non-moving parties; and (4) that an injunction would be in the interest of the public. 287 F.3d at 1329; Cate v. Oldham, 707 F.2d 1176 (11th Cir.1983); Shatel Corp. v. Mao Ta Lumber and Yacht Corp., 697 F.2d 1352 (11th Cir.1983). "[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion" as to each of the four prerequisites. *See* McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir.1998) (internal citations and quotations omitted).  Moreover, injunctive relief will not issue unless the alleged misconduct is imminent and no other relief or compensation is available. Cunningham v. Adams, 808 F.Supp 815, 821 (11th Cir.1987).  The moving party's failure to demonstrate a "substantial likelihood of

---

[1] A temporary restraining order is usually sought "to preserve the status quo until the Court can conduct a thorough inquiry into the propriety of a preliminary or permanent injunction." Hospital Resource Personnel, Inc. v. United States, 860 F.Supp. 1554, 1556 (S.D.Ga.1994) The Court has evaluated Plaintiff's request under the well-known standards generally applicable to both types of requests for injunctive relief. Bieros v. Nicola. 857 F.Supp. 445, 446 (E.D.Pa.1994) ("The standards for a temporary restraining order are the same as those for a preliminary injunction." (citation omitted)).

success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. <u>Church v. City of Huntsville,</u> 30 F.3d 1332, 1342 (11th Cir.1994); *see also* <u>Siegel v. Lepore</u>, 234 F.3d 1163, 1176 (11th Cir.2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").

II.    <u>DISCUSSION</u>

Plaintiff's Motion seeks injunctive relief, either a temporary restraining order or a preliminary injunction, requiring prison authorities to recognize plaintiff's separate Islamic community in time for 2011 Ramadan observances. Ramadan began on August 1, 2011,[2] a day before the documents were received in this court and two and a half weeks before the action was correctly filed and allowed to proceed.[3] Ramadan lasts for approximately four weeks.

Plaintiff's filings do not demonstrate irreparable injury, that is, that immediate relief is necessary.[4] Plaintiff states that his group and the other Sunni Muslim group are on good terms and have worshipped together to date. There is no indication of a breakdown of such relationship. Further, it appears from plaintiff's filings that prison authorities have allowed Ramadan observances by inmates. Thus, this case does not involve the possibility that plaintiff

---

[2] These dates, when translated from the Islamic calendar to the Gregorian calendar, are subject to some dispute. *See e.g.* <u>Wilson v Schwarz</u>, 99 F.3d 1141 (6th Cir. 1996) (dispute with prison officials over starting date of Ramadan). According to muslimvillage.com, observance of Ramadan depends on the sighting of the new moon, which necessarily varies by global location but which was expected to be visible in most of North America on July 31 or August 1, 2011. Ramadan continues for a lunar month, and is anticipated to be completed in this area by late August, likely August 29 or 30, 2011. *See also* www.when-is.com/ramadan-2011.asp.

[3] As a practical matter, the plaintiff's motion for Temporary Restraining Order was largely moot before the action was properly filed and the court received the motion, and will be completely moot before the court could reasonably be expected to provide relief, if warranted.

[4] *See* <u>Doran v. Salem Inn, Inc.</u>, 422 U.S. 922, 931 (1975). (Party seeking injunction must show likelihood of success on the merits and irreparable injury if injunctive relief not granted).

or the other affected inmates would be denied their right to worship or to celebrate the holiday, but that they were not allowed to do so as a separate group. Even if the court were to presume that such observances were only allowed through one of the recognized Islamic groups—a fact not alleged by plaintiff—there is no reason to believe that there is any impediment to temporary accommodations through one of the other groups. Plaintiff has failed to establish that, if the injunction is not granted, there is a substantial threat that he will suffer irreparable injury. In order to satisfy the irreparable injury requirement, Plaintiff must show that the threat of injury is "neither remote nor speculative, but actual and imminent." <u>Northeastern Fla. Chapter of Ass'n of General Contractors of Am. v. City of Jacksonville, Fla.</u>, 896 F.2d 1283, 1285 (11th Cir.1990)

Moreover, prior to service on defendants, the court is required to screen prisoner complaints, 28 U.S.C. § 1915(e)(2)(B)(ii) and complaints against public officials, 28 U.S.C. § 1915A(a), to determine if the claims made are frivolous, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune to such relief. Had the screening requirement immediately been satisfied or had it been bypassed in some manner— and plaintiff has offered no sufficient basis for such relief—the defendants would still have had to have been notified of the motion and been allowed an opportunity to respond before any order could have been entered on the relief sought. Even had the court somehow granted plaintiff's temporary restraining order prior to the end of Ramadan and the decision not been appealed, prison authorities would have been allowed a reasonable time in which to implement the order, in light of penological as well as ordinary administrative concerns. It thus appears highly unlikely that the court could have provided plaintiff any relief pursuant to his Motion for Temporary Restraining Order before the end of Ramadan. Regardless, as the motion seeks relief prior to Ramadan, 2011, which has now passed, the motion is Moot.

Nor has plaintiff demonstrated that he has a substantial likelihood of success on the merits of his claim. As noted, the plaintiff's complaint is subject to the court's screening procedures pursuant to 28 U.S.C. § 1915A(a). While that screening has not been completed, the undersigned notes that plaintiff's short motion and brief contain nothing demonstrating that this dispute with prison authorities over the administrative recognition procedure pursuant to institutional policy is in some manner of Constitutional stature.

Accordingly, it is RECOMMENDED that the plaintiff's Motion for Temporary Restraining Order or Preliminary Injunction be DENIED.

The attached sheet contains important information regarding objections to the Report and Recommendation.

DONE this the 10th day of January, 2012.

/s/  Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE

## MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
## AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
## AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within **fourteen (14) days** of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten [now fourteen] days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

(Emphasis added)  A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE