IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **BONNIDE JOHNSON, AIS # 137457,** : | |
| **Plaintiff,** : | |
| vs. : | **CIVIL ACTION 11-0437-CG-N** |
| **TONY PATTERSON, et al.,** : | |
| **Defendants.** : | |

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding pro se and in forma pauperis, filed a complaint under 42 U.S.C. § 1983.  This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).  It is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous.

**I. Complaint.  (Doc. 1).**

Plaintiff filed his complaint against Chris Summers, Chaplain at Holman Correctional Facility ("Holman"), and Tony Patterson, Warden at Holman.  (Doc. 1 at 5).  Plaintiff's claims against defendants are for a violation of his right to freely exercise his religion.  (Id.).[1]

Plaintiff, who has been a practicing Muslim for twenty-four years and an Imam, peacefully split from the Sunni community at Holman in April, 2011, and established the Ummah Orthodox Islam community ("Ummah community") at Holman.  (Id.).  He maintains

---

[1] The Court notes that plaintiff is no stranger to litigation as he has litigated many actions in all of Alabama federal district courts.

that his community is the original Sunni community at Holman.  (Id. at 5, 7 ).  Defendant Summers, however, insisted that the Ummah community was an unapproved denomination and that only one Sunni community exists at Holman.  (Id. at 7).  Defendant Summers forbade the Ummah community from continuing to practice their religion; thus, they were prohibited from promoting their religion with bulletin boards and flyers, from receiving mail directed to their community, and from informing Christians and other believers that they may declare themselves Muslims, because they submit themselves to the will of God, and participate in Ramadan.  (Id.).

On July 20, 2011, plaintiff informed defendant Patterson, by letter, a copy of which is attached to the complaint, of defendant Summers' position.[2]  (Id.).  However, defendant Patterson did not correct the situation.  (Id.).  Because Ramadan was approaching and no action was being taken by defendant Patterson on the letter, plaintiff filed this action with a motion for a temporary restraining order and/or preliminary injunction (Doc. 3) as he was "unable to fulfill his religious obligation of fasting and the rituals of the holy month of Ramadan."  (Id. at 7).  Plaintiff's motion for a temporary restraining order and/or preliminary injunction was denied by the Court.  (Docs. 14, 16).

For relief, plaintiff requests "ten thousand dollars compensatory damages against the defendants for the mental anguish, anxiety and depression suffered by [him] at the hands of the

---

[2] In the letter plaintiff explains the differences between his group and the other Sunni group at Holman and that no friction exists between the two groups. (Doc. 1-3 at 2, 3). Plaintiff claims that defendant Summers said that due to plaintiff's group's new name, the group was a new denomination, and thus must have authorization from him and the Department of Corrections Religious Activities Review Committee. (Id. at 2). As result of this, the name was changed back. (Id.). Then, defendant Summers said that Administrative Regulation 313 only allows one Sunni community. (Id. at 3). The letter also informs, among other things, that there are four groups of Muslims recognized for use of the Masjid at Holman, namely, Nation of Islam, Moorish Science Temple, Sunni Community, and 5% Nation of Islam. (Id.).

defendants, a temporary restraining order and/or preliminary injunction (see attached Motion) and plaintiff's cost of filing this suit." (Id. at 8).

## II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because plaintiff is proceeding in forma pauperis, the Court is reviewing his complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).[3]  A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 566 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original). But "[t]hreadbare recitals of the elements of a cause of

---

[3]The frivolity and the failure-to-state-a-claim analysis contained in Neitzke v. Williams was unaltered when Congress enacted 28 U.S.C. § 1915(e)(2)(B) in 1996. Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001). However, dismissal is now mandatory under § 1915(e)(2)(B). Id. at 1348-49.

action, supported by mere conclusory statements, do not suffice." Id.  Furthermore, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted.  Jones v. Bock, 549 U.S. 199, 215, 127 S.Ct. 910, 920-21, 166 L.Ed.2d 798 (2007).

When considering a pro se litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney.  Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed.2d 652 (1972).  The court, however, does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action."  GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Randall v. Scott, 610 F.3d 791, 710 (11th Cir. 2010) (relying on Iqbal, 566 U.S. 662, 129 S.Ct. 1937).  Furthermore, the court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements.  Iqbal, 566 U.S. at 681, 129 S.Ct. at 1951.  In addition, a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure."  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

**III.  Discussion.**

"In an effort to stem the flood of prisoner lawsuits in federal court, Congress enacted the Prison Litigation Reform Act of 1995, Pub.L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA")."  Harris v. Garner, 216 F.3d 970, 971 (11th Cir.), cert. denied, 532 U.S. 1065 (2001).  Included in the PLRA is 42 U.S.C. § 1997e(e) which provides:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C. § 1997e(e).  Section "1997e(e) applies only to lawsuits involving (1) Federal civil actions (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody."  Napier v. Preslicka, 314 F.3d 528, 532 (11th Cir.), cert. denied, 540 U.S. 1112 (2004).  The statute's clear and broad language encompasses all claims, including constitutional claims, and provides for no exceptions.  Al-Amin v. Smith, 637 F.3d 1192, 1197 (11th Cir. 2011).  Moreover, no distinction is made between "constitutional claims frequently accompanied by physical injury (e.g., Eighth Amendment violations) and those rarely accompanied by physical injury (e.g., First Amendment violations)[;]" all constitutional claims are treated equally.  Id.  This section is "[r]ead as a limitation on recovery only, [and] the provision presents no constitutional infirmity that would offend the Due Process clause."  Harris v. Garner, 190 F.3d 1279, 1288 (11th Cir. 1999) (finding that the Constitution does not "mandate[ ] a tort damages remedy for every claimed constitutional violation"), opinion vacated by 197 F.3d 1059, opinion reinstated in part by 216 F.3d 970 (11th Cir. 2000).  By enacting § 1997e(e), Congress chose to "preclude[ ] some actions for money damages[,]" Harris, 190 F.3d at 1283, and "to enforce prisoners' constitutional rights through suits for declaratory and injunctive relief[.]"  Id. at 1289.

In the present action, plaintiff requested compensatory damages "for the mental anguish, anxiety and depression" and a "temporary restraining order and/or preliminary injunction (see attached Motion)."  (Doc. 1 at 8).  Plaintiff's request for injunctive relief sought an order directing defendants to allow him to practice his religion, specifically to be able to participate in Ramadan in 2011.  (Doc. 3 at 1).  Although plaintiff did not specify the time for Ramadan in his motion, the Court noted that it began on August 1, 2011, the day before the Court received plaintiff's motion, and continued for four weeks.  (Doc. 12 at 3).  By the time the Court ruled on

plaintiff's request on January 10, 2012, it had become moot (Doc. 12), and the motion was denied as such. (Doc. 14).

With plaintiff's request for injunctive relief having been found to be moot, the requested relief that remains in his complaint is his request for $10,000 in compensatory damages "for the mental anguish, anxiety and depression." (Doc. 1 at 8). 42 U.S.C.§ 1997e(e) controls plaintiff's request for damages. Plaintiff is a prisoner and he filed a federal civil action for compensatory damages for mental or emotional injury suffered while in custody. No physical injury was alleged by plaintiff. See Boxer X v. Donald, 169 F. App'x 555, at **2 (11th Cir. 2006) (unpublished) (ruling plaintiff was not entitled to compensatory damages for restrictions on his practice of Lost-Found Nation of Islam because no physical injury was alleged);[4] see also Al-Amin, 637 F.3d at 1198 (holding that the inmate was not entitled to compensatory or punitive damages for claims based on the opening of his legal outside of his presence because no physical injury was alleged). The Court cannot liberally construe plaintiff's request for relief to be a request for nominal damages because he specifically asked for compensatory damages and his request for $10,000 in compensatory damages is an amount that is greater than nominal damages. Acker v. City of Jacksonville, No. 3:10-cv-984-J-34TEM, 2010 WL 4259356, at *2 n.1 (M.D. Fla. Oct. 25, 2010) (unpublished) ("The Complaint cannot be liberally construed as requesting nominal damages because Plaintiff specifically requests only compensatory damages."); see Carey v. Piphus, 435 U.S. 247, 266-67, 98 S.Ct. 1042, 1053-54, 55 L.Ed.2d 252 (1978) (holding if plaintiffs were entitled to nominal damages for the mere violation, the damages should not exceed one dollar); Kyle v. Patterson, 196 F.3d 695, 697 (7th Cir. 1999) ("[N]ominal damages,

---

[4] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

of which $1 is the norm, are an appropriate means of vindicating rights whose deprivation has not caused actual, provable injury."); Harrison v. Myers, CA No. 10-0566-KD-N, 2011 WL 3204372, at *7 (S.D. Ala. July 13, 2011) (unpublished) (finding that the prisoner's request of $2,500 was not for nominal damages inasmuch nominal damages implies a mere token or trifling); In re Bayside Prison Litigation, CA 09–2365(RBS/JS), 2010 WL 4916716, at *4 (D.N.J. Nov. 23, 2010) (unpublished) (finding that "$2,000.00 surely surpasses the limit of what constitutes a 'minimal' amount of compensation by any definition of the term 'nominal'"); Qualls v. Santa Rosa County Jail, No. 3:10cv54/MCR/MD, 2010 WL 785646, at *3 n.1 ( (N.D. Fla. Mar. 4, 2010) (unpublished) (dismissing the plaintiff's complaint as it "cannot be liberally construed as requesting nominal damages, because he specifically requested only $250,000 in compensatory and/or punitive damages"); Partain v. Walker, No. 5:10-CV-116 (CAR), 2010 WL 1740775, at *1 (M.D. Ga. Apr. 28, 2010) (unpublished) (finding that inmate's request for $1000 for every exercise hour that he did not go outside and $10,000 for each day that he went outside in shackles were not requests for nominal damages).

      Nor can the Court construe the complaint as containing another request for injunctive relief. The Court previously ruled on his injunctive relief request that was contained in his motion. The Court does note that in plaintiff's objection to the report and recommendation, he contends that "obtaining the TRO remains relevant. . . . because Ramadan 2012 shall commence in sometime in July 2012. . . and the issues remain unresolved." (Doc. 13 at 12). This claim is not in the complaint and, therefore, the Court cannot consider it. See Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999) (ruling that plaintiff's leave to amend filed in her response to the motion to dismiss was not a motion to amend because a separate motion with the proposed amendment is required to be filed); Rance v. Winn, 287 F. App'x 840, at **1 (11th Cir. 2008)

(unpublished) (ruling in a pro se case that "[t]he proper method for requesting leave to amend a complaint is by filing a motion"); United States ex rel.Atkins v. McInteer, 470 F.3d 1350, 1360-61 (11th Cir. 2006) (holding to properly file a motion to amend "the movant must either attach a copy of the proposed amendment to the motion or set forth the substance thereof").

Inasmuch as a complaint frames the issues, Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 979 (11th Cir. 2008), no longer does the complaint contain a request for injunctive relief.  However, if plaintiff had sought to amend his complaint for the purpose of adding a new claim for injunctive relief, such a claim for injunctive relief would likewise be moot because the Alabama Department of Corrections' website reflects that plaintiff is now incarcerated at St. Clair Correctional Facility in the Northern District of Alabama, away from the defendants who are located at Holman in the Southern District.  See Spears v. Thigpen, 846 F.2d 1327, 1328 (11th Cir.) ("Absent class certification, an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred."), cert. denied, 488 U.S. 1046 (1989); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985) ("Past exposure to illegal conduct does not constitute a present case or controversy involving injunctive relief[.]"); Boxer X, 169 F. App'x 555, at **3 (finding plaintiff's claim to practice his Lost-Found Nation of Islam without defendants' restriction became moot by his transfer away from defendants).  Therefore, a motion to amend would be futile and would be denied.  Halliburton & Assoc. v. Henderson, Few & Co., 774 F.2d 441, 444 (11th Cir. 1985) (holding that leave to amend should be denied when an amendment is subject dismissal because its allowance would be an exercise in futility).

Because the Court finds that the only claim that remains in this action is one for compensatory damages for plaintiff's "mental anguish, anxiety and depression" in the amount of

$10,000, it finds that this claim is frivolous due to 42 U.S.C. § 1997e(e).  <u>Tsosie v. Garrett</u>, 409 F. App'x 262, at **2 (11th Cir.) (affirming the dismissal pursuant to 42 U.S.C. § 1997e(e) as frivolous as no physical injury was alleged), <u>cert. denied</u>, 132 S.Ct. 466 (2011).

## IV.  Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous.

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this 5th  day of June, 2012.

/s/ Katherine P. Nelson
**UNITED STATES MAGISTRATE JUDGE**

## MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

l.      **Objection**.  Any party who objects to this recommendation, or anything in it, must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[5] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Transcript (applicable Where Proceedings Tape Recorded)**.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

/s/ Katherine P. Nelson
**UNITED STATES MAGISTRATE JUDGE**

---

[5] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).